# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIFFANY FALDEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Case No. 26-cv-00147 (APM)** |
| | ) |
| **CRIX CHEVY CHASE OWNER, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

The court has considered Defendant Universal Protection Service, LLC's Motion to Dismiss, ECF No. 15, and it is denied. On the facts alleged, it is plausible that security guards employed by Defendant would have been aware of Mr. Cousins's presence at the hotel and the risk to physical safety that he posed to hotel guests, including Plaintiff's daughter. *See* Am. Compl., ECF No. 14, ¶¶ 11–12, 26–29, 36–43, 45. It is plausible, therefore, that Defendant owed Plaintiff's daughter a duty of care. True, Plaintiff does not allege that any particular security guard knew about Mr. Cousins's actions before the shooting, but at this stage Plaintiff's well-pleaded factual allegations establish that it is at least plausible that discovery might uncover such knowledge given Mr. Cousins' multiple entries and exits from the hotel, the loud and boisterous activities in Room 718, and his threat to "blow the place up." *See id.* ¶¶ 26–29, 36–43, 45; *cf. Wash. Metro. Area Transit Auth. v. O'Neill*, 633 A.2d 834, 840 (D.C. 1993) (sustaining jury verdict against common carrier where the evidence showed bus driver had actual knowledge of the risk a passenger posed to others); *Spar v. Obwoya*, 369 A.2d 173, 177 (D.C. 1977) (affirming jury verdict against landlord and apartment manager for a shooting-robbery that occurred within a common hallway where there

was evidence of other criminal conduct in the building's hallways, the inadequacy of building security, security improvements by nearby buildings, and notice of tenants' concerns about security).[1]  Further, this court previously has said that District of Columbia cases concerning the foreseeability of a third party's criminal acts "strongly signal that determining whether a duty exists is better evaluated on a full factual record that establishes the precise nature and location of relevant prior criminal activity and the defendant's knowledge of such activity." *Logan v. Jones Lang LaSalle Ams., Inc.*, No. 18-CV-02278 (APM), 2019 WL 1960208, at *2 (D.D.C. May 2, 2019) (citing cases).  That observation applies squarely here, too.

For those reasons, the court denies Defendant Universal Protection Service's motion to dismiss.

Dated:  April 15, 2026

Amit P. Mehta
United States District Judge

---

[1] To be clear, the court offers no opinion on whether Plaintiff might be able to sustain her burden even in the absence of proof of actual knowledge of Mr. Cousins's actions before the shooting.